# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONNELL HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 07-CV-3982 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant City of Chicago's motion to dismiss in part Plaintiff's first amended complaint and to stay answer [33], filed on February 29, 2008. For the following reasons, the Court grants in part and denies in part Defendant's motion to dismiss.

**I.**     **Background**

Plaintiff Donnell Harris began working for the City of Chicago Department of Streets and Sanitation as a "seasonal employee" on December 18, 1996. In 1998, Plaintiff became a full-time street sweeper until the City terminated his employment on December 12, 2006. On February 16, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the City of Chicago, alleging that his discharge constituted race discrimination in violation of Title VII of the Civil Rights Act. Plaintiff also appealed his discharge to the City's Human Resources Board. On August 21, 2007, after an evidentiary hearing, the Board upheld Plaintiff's termination.

On July 16, 2007, Plaintiff filed a twenty-two page *pro se* complaint against the City of Chicago, alleging that the City discriminated against him because of his age, under the Age Discrimination Employment Act ("ADEA"), and his race, in violation of Title VII of the Civil Rights Act. He also purported to set forth federal causes of action for violations of his Due Process and First Amendment rights and state law causes of action for retaliation, wrongful termination, breach of contract, breach of the collective bargaining agreement (CBA), abuse of power, fraud, negligent misrepresentation, and recklessness. Two months later, on September 6, 2007, Plaintiff filed an action for a writ of certiorari in the Circuit Court of Cook County, challenging the decision of Defendant's Human Resources Board upholding his termination.

On September 18, 2007, the judge previously assigned to this case appointed counsel for Plaintiff. On January 8, 2008, Plaintiff, with the assistance of counsel, filed an amended complaint comprised of seventeen counts alleging a variety of state torts, breach of contract claims, and violations of federal statutes. Specifically, Plaintiff alleges First Amendment retaliatory discharge (Count I); violation of due process (Counts II - IV); violation of equal protection (Count V); conspiracy in violation of 42 U.S.C. § 1983 (Count VI); Title VII race discrimination (Count VII); age discrimination in violation of the ADEA (Count VIII); breach of the CBA between the City of Chicago and State and Municipal Chauffeurs and Helpers Union Local 726 (Counts IX - XI and XIII); declaratory judgment that the City violated the CBA (Count XII); retaliatory discharge (Count XIV); intentional infliction of emotional distress ("IIED") (Count XV); gross negligence (Count XVI); and negligence (Count XVII). On April 14, 2008, Plaintiff sought leave to amend his complaint a second time to add his common law writ of

certiorari claim, which the Court granted on May 21, 2008. Plaintiff's common law writ of certiorari claim is not the subject of Defendant's motion to dismiss.

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### B. State Law Claims – Counts IX-XIII and XV-XVII

Defendant argues that Plaintiff's breach of contract claims (Counts IX through XIII), his IIED claim (Count XV), and his negligence claims (Counts XVI and XVII) are

time barred under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"). 745 ILCS 10/8-101. Illinois local governmental entities and their employees benefit from a one-year statute of limitations for "civil actions" against them. 745 ILCS 10/8-101 ("No civil action * * * may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued"). Defendant argues that Plaintiff's state law claims accrued no later than December 12, 2006 (the date on which Plaintiff was fired). Plaintiff filed his amended complaint, explicitly pleading the state law claims, on January 8, 2008. Thus, Defendant argues that the one-year statute of limitations had lapsed and Plaintiff's state law claims should be dismissed as time barred.

Although the statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint, "if a plaintiff pleads facts that show its suit barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); see also *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("if [a plaintiff] pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court"). When the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, the plaintiff may not escape the statute of limitations by saying nothing. See, *e.g.*, *Kathaur SDN BHD v. Sternberg*, 149 F.3d 659, 670 n.14 (7th Cir. 1998) (citing *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1107 n.6 (6th Cir. 1995)).

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when * * * the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading * * *." Relation back is allowed "where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of America*, 93 F.3d 372, 379 (7th Cir. 1996). Thus, a new substantive claim that otherwise would be time barred relates back to the date of the original pleading if the new claim stems from the same "conduct, transaction, or occurrence" that was alleged in the original complaint. *Id*. For relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery. See, *e.g.*, *Donnelly v. Yellow Freight System, Inc.,* 874 F.2d 402, 410 (7th Cir. 1989).

The relation back rule rests on the notion that a defendant should have fair notice of a claim. See *Buie v. Woolway*, 2000 WL 528645, at *2 (N.D. Ill. Mar. 27, 2000). "Fair notice, however, does not mean that a plaintiff must furnish a complete list of each theory of recovery at the inception of the action." *Id*. Instead, it requires that the defendant be given notice of the *facts* underlying a plaintiff's claims. "The central underlying question which a court must decide * * * is whether the defendant had such notice of the added claim at the time the action was commenced that relation back of the added claim will not cause defendant undue prejudice." *Paskuly v. Marshall Field & Co.*, 494 F. Supp. 687, 688 (N.D. Ill. 1980) (rejecting defendant's statute of limitations arguments where defendant had not convincingly asserted any specific prejudice that it would suffer if the court permitted plaintiff's claims to relate back). Accordingly, "where

5

an amendment changes the theory on which relief is sought or corrects a pleading after the statute of limitations has run, and the amendment does not prejudice the parties to an action, Rule 15(c) permits such [change] to relate back to the date of the original pleading." *Trammel v. Brown*, 1995 WL 708666, at *3 (N.D. Ill. Nov. 30, 1995) (citing *Woods v. Indiana University*, 996 F.2d 880, 884-86 (7th Cir. 1993)).[1]

Here, Plaintiff's original complaint alleges a broad array of misconduct based on Defendant's investigation of Plaintiff continuing through its termination of his employment. Although the original complaint lacked the factual and legal detail of the attorney-drafted first amended complaint, it was sufficient to put Defendant on notice that it was being sued for conduct related to its investigation and termination of Plaintiff. Plaintiff's original complaint references the union and the collective bargaining agreement (see Pl.'s Compl. at C-6, 8-9), retaliation for the articles printed in the newspaper (C-4, 9), negligence (C-13), failure to use due care (C-13), and recklessness (C-13). On page eight of the original complaint, Plaintiff explicitly pleaded a breach of contract claim, alleging that the union and the City of Chicago acted in bad faith and that the union did not provide Plaintiff with fair representation. Also on page eight, Plaintiff alleged that Defendant was aware that Plaintiff's pension soon would vest and that the vesting of that pension was a motivating factor in his discharge. The detailed allegations in the first amended complaint arise out of the same conduct and occurrence as the claims

---

[1] Plaintiff notes that courts have given *pro se* plaintiffs some leeway when determining whether an amended complaint prepared with the assistance of counsel relates back to the original *pro se* complaint. See *Bryant v. General Packaging Products, Inc.*, 473 F. Supp. 2d 853, 857 (N.D. Ill. 2006); *cf. Lewis v. Sternes*, 390 F.3d 1019, 1027 (7th Cir. 2004) (giving *pro se* habeas petition a "generous interpretation"). While Plaintiff's observation is accurate, the fact that Plaintiff was appointed counsel nearly three months before the statute of limitations on his state claims expired undermines this argument somewhat.

in his original complaint – specifically, Defendant's investigation, treatment, and termination of Plaintiff based on his alleged connection with the hired truck scandal. See *Bularz*, 93 F.3d at 379. The Court cannot conclude that the lack of detail in Plaintiff's complaint prejudiced Defendant; rather, the allegations in the original complaint, while at times sparse, gave Defendant fair notice of Plaintiff's grievance such that Defendant could begin to prepare its defense. Accordingly, Plaintiff's state law breach of contract claims (Counts IX through XIII), his IIED claim (Count XV), and his negligence claims (Counts XVI and XVII) relate back to the date of his original complaint and will not be dismissed.

> C. **Illinois Human Rights Act as Related to Counts XV-XVII**

The Illinois Human Rights Act ("IHRA") provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(c). Employment discrimination is included under the IHRA's definition of "civil rights violation." 775 ILCS 5/1-101. Under Illinois law, when the allegations on which a state law tort is based constitute a civil rights violation under the IHRA, the tort is preempted. See *Siljak v. Ravenswood Disposal Serv., Inc.*, 2001 WL 436133, at *3 (N.D. Ill. Apr. 26, 2001).

Whether the Court may exercise jurisdiction over a tort claim "'depends on whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself.'" *Roberts v. County of Cook*, 213 F. Supp. 2d 882, 886 (N.D. Ill. 2002) (citing *Maksimovic v. Tsongalis*, 687 N.E.2d 21, 23 (Ill. 1997)). To make this determination, the Court assesses "whether the

plaintiff alleged the elements of a tort claim 'without reference to the legal duties created by the IHRA.'" *Siljak*, 2001 WL 436133, at *3. A "common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the [IHRA]." *Roberts*, 213 F. Supp. 2d at 886-87 (citing *Maksimovic*, 687 N.E.2d at 24). Defendant argues that Plaintiff's claims of IIED, negligence, and gross negligence are "inextricably linked" to his allegations of discrimination and thus are preempted from being brought before this Court.

The issue then is whether Plaintiff's IIED, negligence, and gross negligence claims are inextricably linked to his claims of race and age discrimination. In the Court's view, the discrimination aspect of this case is merely incidental to what are otherwise ordinary common law tort claims. Plaintiff has alleged facts sufficient to establish the elements of IIED, negligence, and gross negligence. Aside from incorporating by reference prior allegations, these counts make no mention of discrimination. See ¶¶ 338-361. Negligence, gross negligence, and IIED are long-recognized tort actions which exist separate and apart from a cause of action for discrimination under the IHRA. See *Roberts*, 213 F. Supp. at 887 ("Intentional infliction of emotional distress is a 'long recognized' tort action that exists independently of a cause of action under the IHRA."). To the extent that Plaintiff has alleged the elements of each of these torts without reference to legal duties created by the IHRA, he has established a basis for imposing liability on Defendant independent of the IHRA. Put another way, if Plaintiff removed all the allegations of discrimination from his first amended complaint, his state law claims would remain intact because they do not "depend on the prohibitions against [ ]

discrimination for [their] survival." *Hardison v. Galaxy Recovery Systems, Inc.*, 2000 WL 1847624, at *2 (N.D. Ill. Dec. 14, 2000). Therefore, Plaintiff's tort claims are not inextricably linked to a civil rights violation, and this Court may exercise jurisdiction over the tort claims.

### D. Failure to Exhaust Administrative Remedies (Counts IX-XIII)

Normally, an employee suing an employer for breach of a collective bargaining agreement must exhaust his administrative remedies before bringing suit. See *Thompson v. Fairmont Chicago Hotel*, 545 F. Supp. 2d 984, 991 (N.D. Ill. 2007). However, the failure to exhaust in those circumstances is an affirmative defense. See *Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Ordinarily, the earliest that a court would consider it would be after the answer has been filed, if the issue could be decided through a Rule 12(c) motion for judgment on the pleadings. *Id*. Parties occasionally present certain arguments through a motion to dismiss for failure to state a claim under Rule 12(b)(6), if the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim. However, the present case is not a candidate for dismissal under these circumstances. Defendant has not argued that on the face of his complaint Plaintiff pleaded facts showing that he has not exhausted his administrative remedies; Defendant merely argues that Plaintiff has not affirmatively alleged that he exhausted his administrative remedies. There is nothing on the face of Plaintiff's complaint that compels a conclusion that he failed to exhaust. Because Plaintiff has no obligation to allege facts negating an affirmative defense in his complaint (see *Tregenza v. Great Am. Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)), the

Court denies Defendant's motion to dismiss for failure to exhaust as to Counts IX through XIII.

### E. ADEA Claim (Count VIII)

Before pursuing an age discrimination claim in federal court, a plaintiff first must have raised it in a timely EEOC charge. 29 U.S.C. § 626(d); *Ajayi v. Aramark Bus. Servs., Inc.,* 336 F.3d 520, 527 (7th Cir. 2003); see also *Geldon v. S. Milwaukee Sch. Dist.,* 414 F.3d 817, 819 (7th Cir. 2005); *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). This requirement exists to "give the employer fair notice of the conduct about which the employee is complaining" and to provide the EEOC and the employer an opportunity to investigate and resolve the dispute. *Geldon,* 414 F.3d at 819. In complying with the charge-filing requirement, a plaintiff need not allege every single fact that might support his claims in the charge. *Vela v. Vill. of Sauk Vill.,* 218 F.3d 661, 664 (7th Cir. 2000); see also *Novitsky v. Am. Consulting Eng'rs, L.L.C.,* 196 F.3d 699, 701-02 (7th Cir. 1999). However, federal discrimination claims are actionable only if they are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Cheek,* 31 F.3d at 500 (internal citations omitted). In evaluating the scope of the EEOC charge, the Court assesses "what EEOC investigation could reasonably be expected to grow from the original complaint?" *Ajayi,* 336 F.3d at 527 (citing *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999)).

After reviewing Plaintiff's EEOC charge, the Court respectfully concludes that nothing about his EEOC charge would reasonably lead one to conclude that Plaintiff was a victim of age discrimination. In his charge, Plaintiff did not check the age discrimination box or include *any* facts describing discrimination or retaliation under the

ADEA. Plaintiff's charge complains about one instance of discrimination on account of race. He does not mention age anywhere in his description of the charge.[2] In describing the charge, he doesn't specify the ages of other employees who allegedly received more favorable treatment (a defect that he failed to cure even in his first amended complaint) nor any other facts that might have alerted the EEOC to the claim. Under similar circumstances, the Seventh Circuit barred a plaintiff's ADEA claim, observing that "there is simply no reason to think that any EEOC investigation arising from [plaintiff's race discrimination] charge would have uncovered the alleged age bias." *Ajayi,* 336 F.3d at 526 n. 2, 527; *see also Brongel,* 2004 WL 406909, at *4 (dismissing age, race, color and national origin claims because they were not related to the sexual harassment and retaliation claims asserted in EEOC charge). The only difference between this case and the circumstances in *Ajavi* is that Plaintiff entered his birth date in the box entitled "Date of Birth" on the EEOC charge, whereas the plaintiff in *Ajavi* left the box blank.

The Court views the "Date of Birth" box on the EEOC charge as an identifier rather than a vehicle by which to assert a claim. Found in the section asking for name, address, and phone number, the "Date of Birth" box serves to gather information *about* the claimant rather than solicit a description of *what happened to* the claimant. The age-discrimination box and "particulars" section are the two areas where one logically would expect a claimant to assert a claim, and nothing in Plaintiff's brief description of his charge hinted that his charge related to age discrimination. Although the Seventh Circuit has said that it will not preclude claims reasonably related to those described in an EEOC

---

[2] In its entirety, Plaintiff's description of the charge read as follows: "I began employment with Respondent on or about December 18, 1996. On or about December 13, 2006, Respondent discharged me. Another White employee received a disciplinary hearing and was only given a fifteen (15) day suspension. I believe I have been discriminated against based on my race, Black, in violation of Title VII of Civil Rights Act of 1964, as amended."

11

charge merely because a claimant made clerical errors in filling out the form (see *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 168-69 (7th Cir. 1976)), the Court's decision does not rest on an omitted check mark. To allow a claimant to assert an age discrimination claim simply by filling in his date of birth would thwart one of the primary purposes of an EEOC charge, which is to notify the EEOC or the defendant that age discrimination was an issue to be investigated and addressed in any conciliation efforts. Viewing the charge as a whole, it contains no facts that would reasonably alert the EEOC, or the City of Chicago, to the possibility of age discrimination. In this respect, his "omissions" are more than just technical defects; they thwart the basic purpose of requiring a charge, which is to give the employer "some warning of the conduct about which the employee is aggrieved" and afford "the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Cheek,* 31 F.3d at 500. For these reasons, the Court dismisses Plaintiff's age discrimination claim.

F. **Employment Discrimination under Title VII**

Under Title VII of the Civil Rights Act of 1964, it is unlawful for employers with more than fifteen employees "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color * * *." 42 U.S.C. § 2000e-2(a)(1). While Defendant is correct in noting that Plaintiff must eventually prove, by way of direct or circumstantial evidence, that his employer's decision to take an adverse job action against him was motivated by an impermissible purpose, such as race or color, Defendant's argument that Plaintiff's claims should be dismissed because he has failed to allege a "materially

adverse employment action" is premature. A materially adverse employment action is something "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty National Bank and Trust Co. of Indiana,* 993 F.2d 132, 136 (7th Cir. 1993). For purposes of Title VII, an adverse employment action is a significant change in the claimant's employment status such as hiring, discharge, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits. See, *e.g., Bell v. EPA,* 232 F.3d 546, 555 (7th Cir.2000). Plaintiff alleges that he "was unlawfully denied a pre-disciplinary hearing and unlawfully terminated from his employment based on his race and color." Pl.'s Compl. at ¶ 267. Defendant argues that Count VII of Plaintiff's complaint for race-based employment discrimination should be dismissed to the extent it is based on Defendant's denial of a pre-disciplinary hearing. However, Defendant does not contend that Count VII should be dismissed to the extent it is based on Defendant's termination of Plaintiff. At a minimum, Plaintiff has alleged, and Defendant has not disputed, that he was fired. At this early juncture, that allegation suffices to state a claim for race discrimination under Title VII.

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss [33] as to Count VIII and denies Defendant's motion to dismiss as to all remaining counts.

Dated: June 30, 2008  _____
Robert M. Dow, Jr.
United States District Judge